** PART II **
II. IMMUNITY CONFERRED BY 10 O.S. 1109(D) UPON AN AGENCY OPERATED AS A NON-PROFIT CORPORATION OR AS AN ENTITY OF COUNTY GOVERNMENT.
YOUR SECOND QUESTION ASKS WHETHER THE IMMUNITY CONFERRED UPON A CASA VOLUNTEER UNDER 10 O.S. 1109(D) EXTENDS TO AGENCIES OPERATED AS NON-PROFIT CORPORATIONS OR AS ENTITIES OF COUNTY GOVERNMENT. THE RESPONSE TO THIS QUESTION IS LIMITED TO THE FACTS AND CIRCUMSTANCES SET FORTH IN YOUR FIRST QUESTION. TITLE 10 O.S. 1109(D), AS IT RELATES TO THE IMMUNITY OF CASA ORGANIZATIONS, PROVIDES IN RELEVANT PART:
 "ANY PERSON SERVING IN POSITIONS OF MANAGEMENT OF A CASA ORGANIZATION, INCLUDING MEMBER OF THE BOARD OF DIRECTOR ACTING IN GOOD FAITH, SHALL BE IMMUNE FROM ANY CIVIL LIABILITY OR ANY VICARIOUS LIABILITY FOR THE NEGLIGENCE OF ANY CASA ORGANIZATION ADVOCATES, MANAGER, OR DIRECTORS. (EMPHASIS ADDED)."
SECTION 1109(D) ONLY CONFERS IMMUNITY UPON A "PERSON" SERVING IN A POSITION OF MANAGEMENT OF A CASA ORGANIZATION, OR A "MEMBER" OF THE BOARD OF DIRECTORS OF A CASA ORGANIZATION. BECAUSE THIS PROVISION OPERATES TO CONFER IMMUNITY ONLY UPON INDIVIDUALS, AN AGENCY ITSELF OPERATED AS A NON-PROFIT CORPORATION WOULD NOT BE ENTITLED TO THE CIVIL IMMUNITY CONFERRED BY THE STATUTE. OBVIOUSLY, IF THE ENTITY IS NOT INCORPORATED PURSUANT TO THE LAWS OF THIS STATE, ITS MEMBERS AND DIRECTORS MAY BE EXPOSED TO LIABILITY FOR THE TORTIOUS CONDUCT OF THE VOLUNTEERS THEY DIRECT, WHICH MAY QUALIFY THOSE MEMBERS AND DIRECTORS FOR IMMUNITY UNDER THE STATUTE IN THE FIRST INSTANCE.
THE QUESTION REMAINS OF WHETHER THE IMMUNITY CONFERRED UPON A CASA VOLUNTEER WOULD EXTEND UNDER THE COMMON LAW TO THE ORGANIZATION THAT "EMPLOYS" OR OTHERWISE DIRECTS THE VOLUNTEER. IN THE CONTEXT OF AN AUTOMOBILE ACCIDENT, IF IT IS DETERMINED THAT NO IMMUNITY UNDER 1109(D) IS CONFERRED UPON THE VOLUNTEER, THERE WOULD BE NO IMMUNITY UNDER THAT SECTION TO EXTEND TO THE CASA ORGANIZATION. WHERE IMMUNITY MAY EXIST FOR THE CASA VOLUNTEER, MY INCLINATION IS THAT SUCH IMMUNITY IS PERSONAL TO THE VOLUNTEER. IT IS IMPORTANT TO KEEP IN MIND THAT WE ARE NOT TALKING ABOUT AN ABSENCE OF LIABILITY ON THE PART OF THE VOLUNTEER BY STATUTE OR THE COMMON LAW, BUT RATHER, ABOUT IMMUNITY FROM LIABILITY. WHILE AN INJURED PARTY MAY HAVE NO COGNIZABLE RIGHT TO SUE AND RECOVER FROM A VOLUNTEER IN DISTRICT COURT BECAUSE OF THE IMMUNITY PROVISION, THAT INJURED PARTY WOULD STILL HAVE THE RIGHT TO HOLD THE INCORPORATED CASA ORGANIZATION VICARIOUSLY LIABLE, BECAUSE THAT ENTITY WOULD HAVE NO INDEPENDENT IMMUNITY FROM VICARIOUS LIABILITY. FOLLOWING THE GENERAL RULES OF STATUTORY CONSTRUCTION, THERE APPEARS A LEGISLATIVE INTENT NOT TO IMMUNIZE THE ORGANIZATIONAL ENTITY ITSELF FOR VICARIOUS LIABILITY, SINCE THE OPPORTUNITY TO INCLUDE SUCH LANGUAGE EXISTED WHEN THE ABOVE-CITED PROVISION WAS DRAFTED, BUT WAS NOT INCLUDED. NEVERTHELESS, A COURT MAY ENTERTAIN A CONTRARY VIEW, SO MY ANALYSIS IS NOT DISPOSITIVE OF THE QUESTION.
PRESUMING THAT AN ENTITY OF COUNTY GOVERNMENT CAN QUALIFY AS A CASA ORGANIZATION, THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. 151 ET SEQ., MAY NECESSARILY TAKE PRECEDENCE OVER ANY CONFLICTING PROVISIONS OF 1109(D), BY OPERATION OF 51 O.S. 170. THIS ACT WOULD BE APPLICABLE WHERE AN INDIVIDUAL QUALIFYING AS AN "EMPLOYEE" IS DETERMINED TO HAVE BE WITHIN HIS ORDER "SCOPE OF EMPLOYMENT" WITH THE COUNTY AT THE TIME THE TORTIOUS CONDUCT OCCURRED, AS PROVIDED BY 51 O.S. 152(5) AND 51 O.S. 152(9) (1990). IF THE ACT IS APPLICABLE, THE COUNTY, BUT NOT THE INDIVIDUAL "EMPLOYEES", CAN BE HELD LIABLE. THUS, UNDER THE APPROPRIATE CIRCUMSTANCES, A CASA VOLUNTEER, EVEN THOUGH UNPAID, MAY BE ENTITLED TO IMMUNITY FROM SUIT UNDER THE ACT FOR TORTIOUS CONDUCT, AS WOULD EMPLOYEES OF THE COUNTY THAT ARE IN CHARGE OF RUNNING THE ORGANIZATION. HOWEVER, THE COUNTY ITSELF WOULD STILL BE EXPOSED TO TORT LIABILITY UP TO A MAXIMUM AMOUNT OF $100,000.00, PURSUANT TO 51 O.S. 154 (1990).
A COUNTY MAY NEVERTHELESS ESTABLISH IMMUNITY FROM TORT LIABILITY, IF IT CAN ESTABLISH FACT THAT WOULD ENTITLE IT TO ONE OF SEVERAL EXEMPTION PROVISIONS FOUND WITHIN THE ACT. ASSUMING THAT THE "EMPLOYEE" THAT COMMITTED THE TORTIOUS CONDUCT IS THE VOLUNTEER ADVOCATE YOU MENTION IN YOUR FIRST QUESTION, THE COUNTY MAY ESTABLISH THAT IT IS IMMUNE FROM LIABILITY UNDER 51 O.S. 155(2), WHICH PROVIDES, "(T)HE . . . POLITICAL SUBDIVISION SHALL NOT BE LIABLE IF A LOSS OR CLAIM RESULTS FROM . . . (J)UDICIAL, QUASI-JUDICIAL, OR PROSECUTORIAL FUNCTIONS" OR 51 O.S. 155(3) (1988), WHICH PROVIDES, "(T)HE . . . POLITICAL SUBDIVISION SHALL NOT BE LIABLE IF A LOSS OR CLAIM RESULTS FROM . . . (E)XECUTION OR ENFORCEMENT OF THE LAWFUL ORDERS OF ANY COURT(.)" FURTHER, THE COUNTY MAY BE HELD IMMUNE FROM LIABILITY WHERE THE TORTIOUS CONDUCT OF A COUNTY "EMPLOYEE" ARISES FROM, "AN ACT OR OMISSION OF AN EMPLOYEE IN THE PLACEMENT OF CHILDREN(.)".
OBVIOUSLY, THE APPLICABILITY OF THE ABOVE-CITED PROVISIONS OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT PRESENT NUMEROUS QUESTIONS OF FACT THAT ARE OUTSIDE THE SCOPE OF MY OPINION. I HAVE RECITED THESE PROVISIONS IN ORDER TO BETTER APPRISE YOU OF POTENTIAL LIABILITY AND IMMUNITY FROM LIABILITY OF A COUNTY CASA ORGANIZATION AND ITS VOLUNTEER "EMPLOYEES" FOR THEIR TORTIOUS CONDUCT.
CONCLUSION IN LIGHT OF THE INHERENT PROBLEMS PRESENTED BY 10 O.S. 1109(D), INSOFAR AS IMMUNITY IS CONCERNED, I WOULD SUGGEST THAT CONSIDERATION BE GIVEN TO PRESSING FOR AN AMENDMENT TO THE CURRENT STATUTE. I WOULD PROPOSE SOMETHING LIKE, "ANY PERSON ACTING IN THE CAPACITY OF A COURT-APPOINTED SPECIAL ADVOCATE OR OTHERWISE CARRYING OUT THE DUTIES OF A COURT-APPOINTED SPECIAL ADVOCATE, AS PROVIDED BY THIS ACT, SHALL BE PRESUMED TO BE ACTING IN GOOD FAITH AND SHALL BE IMMUNE FROM ANY CIVIL LIABILITY THAT OTHERWISE MIGHT BE INCURRED OR IMPOSED, PROVIDED HOWEVER, IF THAT IT IS ESTABLISHED THAT A COURT-APPOINTED SPECIAL ADVOCATE HAS NOT ACTED IN GOOD FAITH, THEN NO IMMUNITY FROM CIVIL LIABILITY SHALL BE CONFERRED". LANGUAGE ALONG THESE LINES WOULD MANIFEST A MORE DISTINCT INTENT BY THE LEGISLATURE TO SHIELD CASA VOLUNTEERS FROM LIABILITY ARISING FROM THEIR COURT-APPOINTED ACTIVITIES. THAT WOULD INCREASE THE ODDS THAT A COURT MAY RULE IN FAVOR OF IMMUNITY FOR A CASA VOLUNTEER.
FURTHER, IMMUNITY FOR INCORPORATED CASA ORGANIZATIONS COULD ALSO BE MORE CLEARLY CONFERRED BY AMENDING THE RELEVANT PROVISION TO SPECIFICALLY ADDRESS IMMUNITY FROM VICARIOUS LIABILITY FOR THE INCORPORATED ORGANIZATION ITSELF.
(W. CRAIG SUTTER)